Stephen Montoya (#011791)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie DeOrio,<br><br>Plaintiff,<br><br>vs.<br><br>Town of Gilbert, an Arizona municipal corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For her Complaint against Defendant, Plaintiff alleges the following:

1. This is an action seeking to redress gender discrimination in the workplace brought by Ms. Lorrie DeOrio against her employer, the Town of Gilbert, Arizona, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (as amended), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) (as amended).

2. This Court has subject matter jurisdiction over the federal civil rights claims asserted by Ms. DeOrio in this Complaint under 28 U.S.C. §§ 1331, 1343(4), and 42 U.S.C. § 2000e.

3. This Court has personal jurisdiction over the Town of Gilbert because it operated from its headquarters in Maricopa County, Arizona at all times material to this Complaint and caused events to transpire in Maricopa County, Arizona giving rise to this Complaint.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

5. Ms. Lorrie DeOrio is a citizen of the United States of America.

6. Ms. DeOrio is female in gender.

7. The Town of Gilbert, Arizona is an Arizona municipal corporation located in Maricopa County, Arizona.

8. The Town of Gilbert has had at least fifteen employees for each working day in at least twenty weeks this year or last year under 42 U.S.C. § 2000e(b) and is consequently subject to the requirements of Title VII of the Civil Rights Act of 1964.

9. Ms. DeOrio was employed by the Town of Gilbert at all times material to this Complaint.

10. Ms. DeOrio's work performance was (and is) excellent at all times material to this Complaint.

11. On October 13, 2014, the Town of Gilbert hired Ms. DeOrio as a "Code Compliance Inspector II" with an annual salary of $54,329.60.

12. When Ms. DeOrio's direct supervisor, the "Code Compliance Inspections Manager," hired her, he promised her that when he retired he would recommend her as his replacement and her compensation would be increased to approximately $75,000.00 per year.

13. Approximately two weeks after Ms. DeOrio's hire, her supervisor unexpectedly went on extended leave, and the Town of Gilbert assigned Ms. DeOrio all of his job duties, in addition to retaining responsibility for all of her existing duties.

14. Although Ms. DeOrio was doing the work of two employees, namely, her absent supervisor and her own duties as a Code Compliance Inspector II, the Town of Gilbert did not increase her compensation to reflect her increased responsibilities and work load.

15. When the Town of Gilbert finally promoted Ms. DeOrio to Code Compliance Inspections Supervisor on March 28, 2016, it increased her annual salary to

$60,000.00.

16. Ms. DeOrio was *not* given the raise she was initially promised and was paid (at least) $15,000.00 less than her male immediate predecessor.

17. Over the next two years, the Town of Gilbert increased Ms. DeOrio's annual salary to $75,263.35, which was still lower than any of her male peers employed by the Town of Gilbert performing an equal or lesser amount of work requiring equal skill, effort and responsibility under similar working conditions.

18. On April 22, 2019, Ms. DeOrio complained to the Town of Gilbert's Human Resources Department about unequal pay after a compensation study recommended that she receive a raise to $95,000.00 per year, but was ultimately given only a $2,957.62 raise resulting in an annual salary of less than $80,000.00.

19. Even after the Town of Gilbert increased Ms. DeOrio's compensation by $2,957.62, she was still the lowest paid Inspections Supervisor in Development Services in the Town of Gilbert.

20. In fact, the Town of Gilbert paid Ms. DeOrio approximately 25% less than the males employed by the Town of Gilbert performing similar work under similar working conditions.

21. To compound the inequality of the Town of Gilbert's compensation of Ms. DeOrio vis a vis her male counterparts, Ms. DeOrio has much more administrative, substantive and managerial responsibilities than any of her male counterparts who are paid more than she is.

22. Accordingly, although Ms. DeOrio's work performance at the Town of Gilbert has been uniformly exemplary, she is actually doing *more* work for *less* money than her male counterparts.

23. The Town of Gilbert's compensation of Ms. DeOrio intentionally discriminated against her based on her gender and reflected a pattern of underpaying women employees at the Town of Gilbert.

24. As a proximate result of the gender discrimination summarized above, in addition to lost wages, Ms. DeOrio has suffered anxiety, humiliation and depression.

3

25. Based on these facts, the Town of Gilbert has discriminated against Ms. DeOrio based on her gender in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

26. Based on the Town of Gilbert's discriminatory misconduct, Ms. DeOrio filed a timely Charge of Discrimination against the Town of Gilbert with the United States Equal Employment Opportunity Commission (the "EEOC") on July 8, 2019. See attached Exhibit A.

27. Because the EEOC did not appear to be expeditiously investigating Ms. DeOrio's EEOC Charge, she requested a right to sue letter from the EEOC and the Civil Rights Division of the United States Department of Justice. See attached Exhibit B.

28. In accordance with her request, Ms. DeOrio received a right to sue letter from the Department of Justice on August 14, 2020 and filed this civil action within ninety days of her receipt of that letter. See attached Exhibit B.

29. Pursuant to Rule 38 (b) of Federal Rules of Civil Procedure, Ms. DeOrio hereby exercises her right to a trial by a jury of her peers.

Based on the foregoing, Ms. DeOrio respectfully requests the Court to:

I.   Issue a judgement declaring that the conduct of the Town of Gilbert as described above violated Ms. DeOrio's rights under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e;

II.  Issue preliminary and permanent injunctions against the Town of Gilbert enjoining it from committing similar unlawful acts in the future;

III. Issue a judgement awarding Ms. DeOrio back-pay and front-pay against the Town of Gilbert in amounts to be determined at trial;

IV.  Issue a judgement awarding Ms. DeOrio nominal, compensatory and liquidated damages against the Town of Gilbert;

V.   Issue a judgement awarding Ms. DeOrio her reasonable costs and attorney fees against the Town of Gilbert pursuant to 42 U.S.C. §§ 1988 and 2000e

and any other applicable law; and

VI.  Issue a judgement awarding Ms. DeOrio all other relief that is just, proper and equitable against Defendant under the circumstances.

Respectfully submitted this 12th day of November 2020.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
Attorney for Plaintiff

I hereby certify that on November 12, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing.

_____

5

# EXHIBIT A

EEOC Form 5 (11/09)

REC'D BY
JUL 10 2019

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | PXDO |
| ☒ EEOC | 540-2019-04021 |

Arizona Attorney General's Office, Civil Rights Division and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Lorrie DeOrio | 602-561-7276 | 05/18/1968 |

Street Address: 12038 South Eagleman Drive, Phoenix, Arizona 85044

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Town of Gilbert | 500+ | 480-503-6000 |

Street Address: 50 East Civic Center Drive, Gilbert, Arizona 85296

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (Specify) Equal Pay Act, 29 U.S.C. §206(d)(1)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10/13/2014   Latest: 06/03/2019
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On October 13, 2014, the Town of Gilbert hired me as a "Code Compliance Inspector II" at an annual salary of $54,329.60. When my direct supervisor at the time, the "Code Compliance Inspection Supervisor," hired me, he promised when he retired he would recommend me as his replacement and my compensation would be increased to approximately $75,000.00 per year.

Within two weeks of my hire, my supervisor unexpectedly went on extended leave. I assumed all of his job duties while retaining all of my existing duties. When I was finally promoted to Code Compliance Inspection Supervisor on March 28, 2016, my annual salary increased to $60,000.00. I was *not* given the raise I was initially promised and was now paid $15,000.00 less than my male predecessor. Over the next two years, my annual salary was finally increased to $75,263.35, which was still lower than any of my male peers.

On April 22, 2019, I complained to Human Resources about my unequal pay after a compensation study recommended that I receive a raise to $95,000.00 per year, but I was ultimately given only a $2,957.62 raise. I am still the lowest paid Inspection Supervisor in Development Services, and I am paid approximately 25% less than all of the males employed by Gilbert performing similar work. To make matters worse, I have much more administrative and substantive responsibilities than any of my male counterparts. Accordingly, although my work performance has been uniformly exemplary, I am doing *more* work for *less* money than all of my male peers.

Under the circumstances, I believe that I am being discriminated against based on my gender (woman) in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

07/08/2019
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

7-8-19
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

APRIL ARVIZU
Notary Public – Arizona
Maricopa County
My Comm. Expires Aug 31, 2021

# EXHIBIT B

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

August 14, 2020

Ms. Lorrie DeOrio
c/o Stephen Montoya, Esquire
Law Offices of Montoya, Lucero & Pastor
3200 North Central Ave.
Suite 2550
Phoenix, AZ  85012-2490

Re:  EEOC Charge Against Town of Gilbert
     No. 540201904021

Dear Ms. DeOrio:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Phoenix District Office, Phoenix, AZ.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                                               Sincerely,

                                                      Eric S. Dreiband
                                               Assistant Attorney General
                                                 Civil Rights Division

                               by       /s/ Karen L. Ferguson
                                              Karen L. Ferguson
                                      Supervisory Civil Rights Analyst
                                      Employment Litigation Section

cc: Phoenix District Office, EEOC
    Town of Gilbert